Judge Underwood
delivered the opinion of the Court.
Ward sued out a writof scire facias to revive a judgment of the Clarke circuit court rendered against the intestate of the defendants. The plea of nul tiel record was filed and issue made up thereon. The court decided that the record offered in evidence was not the same set out in the scire facias, and there *5 upon gave judgment for the defendants. Exceptions were taken, and althbughthe amount of the judgment sought to be revived, is only seventy-five, cents, the case has been brought up for revision. The judgment in the court below, was rendered upon and in pursuance to an award which directed a division of the costs between the litigants ; and in entering the judgment for the seventy-five cents, these words are added, “ and that the costs herein expended be equally borne by the parties.” The scire facias is silent in respect to the costs disposed of as above, and on that account the variance was adjudged fatal by the court below. We do not consider it necessary in a jscire facias to copy literally and fully the judgment, and every order immediately connected therewith. We are of opinion, that if the scire facias contains such recitals as will point to the judgment intended to be revived, with such certainty that the defendants in the scire facias* must know what judgment is meant, it is sufficient. Now in this case, there is an exact coincidence between the record offered in evidence and the recitals in the scire facias as it regards the parties, the court, the date of the judgment, its having been entered upon an award, and its amount. Such an agreement could leave no doubt on the mind as to the judgment intended to be revived; and we cannot perceive what good could have resulted from copying in the scire facias, the above sentence in respect to the costs, or how the omission to copy it, could have mislead or prejudiced the defendants. We are therefore constrained to say, that there was such a substantial correspondencc-and agreement between the scire facias and record offered in evidence, that judgment should have been rendered for the plaintiff.
The judgment of the court below, is therefore reversed, and the cause remanded, with directions to enter judgment for the plaintiff, upon the issue found.
The plaintiff in error is entitled to his costs in this court.